IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                               CASE No. 4:16-CR-116-NBB-JMV

BRIAN JOHNSON

## ORDER DENYING MOTION FOR BILL OF PARTICULARS

This matter is before the court on the Defendant Brian Johnson's motion for a bill of particulars [71]. The motion has been briefed, and the court is ready to rule.

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citing *United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972)). As explained below, the indictment, discovery, and detention hearing testimony available to Defendant Johnson in this case are sufficient to enable him to prepare his defense with full knowledge of the charges against him.

Rule 7(c)(1) of the *Federal Rules of Criminal Procedure* requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The adequacy of an indictment is determined "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, . . . (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986)). Further, to comply with Rule 7(c), an indictment need not provide the evidentiary details of the Government's case. *Id.* An indictment

that identifies a range of dates and a generalized area is sufficiently particular to establish the dates and location of the conspiracy. *Id.* at 755-56.

The indictment in the instant case plainly alleges a conspiracy between the defendant and multiple named individuals in Count One and specific dates and substances sold by defendant in Count Four and Count Nine. Moreover, the government represents it explained, through the testimony of Mississippi Bureau of Narcotics Agent Andy Stringer at the detention hearing of Johnson, that Johnson's involvement in the conspiracy was based, in part on the Title III electronic wire intercepts of the telephone of Keith Williams and Danny Turner. Agent Stringer discussed at least two phone calls on the Williams wire, where Johnson was allegedly intercepted. Additionally, Agent Stringer provided specific dates and amounts regarding Counts Four and Nine. Agent Stringer also described that the sales in Counts Four and Nine were captured on video with audio.

Moreover, the Government has already–well in advance of the time required for doing so– provided a copy of the file of all discovery and included a detailed discovery letter aimed at assisting counsel in locating pertinent information pertaining to his client, which information, the Government represents, includes the information the defendant seeks with his motion for a bill of particulars.

Finally, a bill of particulars "may not be used for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial." *Downing v. United States*, 348 F.2d 594, 599 (5th Cir.), *cert. denied*, 382 U.S. 901 (1965). Similarly, it is not the purpose of a bill of particulars merely to make preparation of the defense less difficult. *United States v. Bearden*, 423 F.2d 805, 809 (5th Cir. 1970), *cert. denied*, 400 U.S. 836 (1970).

2

The court, in short, is not convinced the defendant will be unfairly surprised at trial absent a bill of particulars, and the motion is hereby denied.

THIS, the 14th day of December, 2016.

**/s/ Jane M. Virden**
**UNITED STATES MAGISTRATE JUDGE**